# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-04434-ESL |
| WANDA EVELYN VAZQUEZ MEJIAS | CHAPTER 7 |
| DEBTOR(S) | |
| NOREEN WISCOVITCH RENTAS, ESQ.<br>CHAPTER 7 TRUSTEE | |
| PLAINTIFF | ADV. CASE 22-00031 |
| V | |
| EDWIN FRANCISCO VAZQUEZ MEJIAS | |
| DEFENDANT<br>_____/ | |

## MOTION TO DISMISS

**TO THIS HONORABLE COURT:**

  **COMES NOW, DEFENDANT**, EDWIN FRANCISCO VAZQUEZ MEJIAS, represented by undersigned counsel and in support of the instant motion respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I.  BACKGROUND

  1.  On August 4, 2019, a certain Mrs. Wanda Evelyn Vazquez Mejias (the "Debtor") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Court. The case has been cataloged as Case #19-04434, pending before the United States Bankruptcy Court for the District of Puerto Rico and presided by this Honorable Court (the "Bankruptcy Case").

  2.  On August 5, 2019, Noreen Wiscovitch Rentas was appointed as the Chapter 7 Trustee. *See*, Dk. #4, the Bankruptcy Case.

3. In Schedule A/B of her bankruptcy schedules, the Debtor listed a certain interest over an undivided probate estate as a whole (the "Probate Estate")[1]. *See*, Dk. #1, at *15.

4. The Trustee has alleged that such Probate Estate, in turn, may have a proprietary interest over a certain real property located at Calle Las Lomas San Juan, PR (the "Real Property"). The Real Property is described in the Spanish language at the Property Registry of the Puerto Rico Department of Justice, as follows:

> "URBANA: Solar radicado en la Urbanización Las Lomas situada en el Barrio Gobernador Piñero (antes Monacillos) de Río Piedras, que se describe en el plano con el número catorce de la manzana "AA", con un área de trescientos sesenta y seis metros cuadrados con sesenta centésimas de metro cuadrado y en lindes por el NORTE: con el solar número trece, distancia de treinta metros; por el SUR: con el solar número trece, distancia de treinta metros; por el ESTE: con un canal de desagüe, distancia de doce metros con veintidós centímetros; por el OESTE: que se su frente, con la calle número dieciocho, distancia de doce metros con veintidós centímetros."

5. Correctly, Plaintiff alleges that as of the time of Debtor's filing for relief, the Real Property appeared at the Property Registry inscribed in favor of the Debtor's and Defendant's deceased father, Rosario Vazquez García; to wit, the Real Property was not inscribed in either the Debtor and/or the Defendant's name. *See*, Complaint, ¶8.

6. On May 17, 2022, and notwithstanding that the Real Property belongs to the Probate Estate, neither to the Debtor nor to the Defendant, the Chapter 7 Trustee filed a Complaint to commence the instant Adversary Proceeding (the "Adversary Proceeding") against Defendant Edwin F. Vazquez Mejias (hereinafter, "Mr. Vazquez" and/or "Defendant").

7. Defendant is one of the participants, of a yet to be determined and/or adjudicated portion, of the Probate Estate with Debtor. Attached to the Complaint, Plaintiff filed as Exhibit A and Exhibit B,

---

[1] Court may take judicial notice of its own docket. See, LeBlanc v. Salem., 196 F.3d 1, 8 (1st Cir.1999)

a copy of the resolutions for Declaration of Heirs declaring that Plaintiff and Defendant are merely the universal heirs of their deceased parents.

8. The Adversary Proceeding was filed pursuant to 11 U.S.C. §363(h). Although the Complaint concedes that pre-petition the Debtor, and consequently the Bankruptcy Estate, merely owns a 50% inheritance participation in the Undivided Probate Estate, the Adversary seeks to sell an ownership interest in the Real Property which neither the Bankruptcy Estate nor Defendant owns. *See*, Complaint, ¶16.

9. In light of the aforestated and considering the allegations made in the complaint as true, Plaintiff requests herein that the Complaint in the instant Adversary Complaint be dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

a. **Motion to Dismiss Standard:**

Pursuant to Rule 12(b)(1) a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. *See*, F.R.C.P. 12(b)(1). When subject matter jurisdiction is invoked, the plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction over her claims. When reviewing a complaint under Rule 12(b)(1), courts "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *See*, Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (citation and internal quotation marks omitted). Even such liberal pleading standards, however, have limits. Therefore, if the Court lacks subject matter jurisdiction to adjudicate the claims, the complaint must be dismissed. Id.

Rule 12(b)(6) provides for the Defendant to file a Motion to Dismiss for the failure to state a claim upon which relief can be granted. *See*, Fed. Civ. P. Rule. 12(b)(6). In order to survive a Rule 12(b)(6) Motion to Dismiss, the Complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *See*, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Assessing the plausibility of a claim is a two-step process. First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief. *See*, Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013) (citation omitted).

When a Motion to Dismiss is filed, the court must take as true all the well-plead allegations contained in the complaint. The court must consider the pleadings and cannot consider outside evidence or facts not alleged. *See*, Fleming v. Lind-Waldock & Co, 922 F.2d 20 (1st Cir. 1990). But the motion to dismiss may be granted "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." Squeri, 954 F.3d at 66 (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

Here, even if all the well-pled allegations contained in the complaint are accepted as true, it remains that the Real Property is not property of the bankruptcy estate; accordingly, this Honorable Court lacks subject matter jurisdiction to adjudicate over the same. *See*, Rentas v. Gonzalez (In re Garcia), 507 B.R. 32 (BAP 1st Cir. 2014); see also, Ortega v. Lsref2 Island Holdings, Ltd. (B.A.P. 1st Cir. 2015).

    **b. This Honorable Court Lacks Subject Matter Jurisdiction to Adjudicate Claims as to the Real Property Because the Real Property Belongs to an Undivided Probate Estate And Is Not Property of the Bankruptcy Estate.**

Neither the Bankruptcy Estate, nor consequently the Trustee, own a proprietary interest over the Real Property, accordingly, Section 363(h) is of no avail. Plaintiff seeks to sell the Real Property pursuant to 11 U.S.C. §363(h). Section 363(h), however, only permits a trustee to sell both the estate's interest as well as the interest of a **co-owner** of the property, if, at the commencement of the case, the debtor held an undivided interest in the property as a tenant in common, joint tenant, or tenant in the

entirety, provided that several significant conditions are met. *See*, 11 U.S.C. § 363(h). Accordingly, as a condition precedent, any Plaintiff under Section 363(h) – here the Trustee – must establish a proprietary interest over the property which is the object of the Complaint. This is so because Section 363(h) only authorizes the Trustee to sell that property over which the Trustee/Estate **ALREADY HAS A PROPRIETARY INTEREST,** yet shares such proprietary interest with a tenant in common.

Puerto Rico law confirms that the Real Property is not property of the estate, thus, the Bankruptcy Estate does not have a proprietary interest over the Real Property. Property of the estate includes "all legal or equitable interests of the debtor in property **as of the commencement of the case.**" *See*, 11 U.S.C. § 541(a)(1). The determination whether a particular asset is property of the bankruptcy estate is a federal question, but courts must look to state law to determine debtors' property interests. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Puerto Rico law, in turn, confirms that as of the date of the filing of the Bankruptcy Case, the Debtor did not own a proprietary interest in the Real Property. According to Puerto Rico law, a Probate Estate includes all the property, rights and obligations of a person which are not extinguished by his death. *See*, 31 L.P.R.A. §2090. If there is more than one heir to the inheritance, a hereditary community is created.[2] Here, as the Trustee correctly alleges in the Complaint, there was more than one heir to Debtor's deceased father, Mr. Rosario Vazquez Garcia. *See*, Complaint, at ¶14. Accordingly, a hereditary community was created. The consequences of such was aptly explained by the First Circuit Bankruptcy Appellate Panel in the case of In re Garcia, *supra*. There, the First BAP explained as follows:

> "the object of the hereditary community is the estate as a whole, and not each asset, right or liability in particular … [t]herefore what each heir is entitled to is a right over the estate as a whole …, not over the particular assets … [t]his is called a hereditary right in the abstract which implies that until a division is effectuate, the heirs may not claim a right over any particular asset."

---

[2] See, Rentas v. González, 507 B.R. 32 (B.A.P. 1st Cir. 2014), citing Sociedad Legal de Gananciales v. Registrador de la Propiedad, 151 D.P.R. 315, 317 (2000)

*See*, In re Garcia, *supra*, at *37.  Therefore, unless the hereditary community has been terminated, neither the Debtor nor her Bankruptcy Estate may claim a right over any particular asset of the community, *to wit*, over the Real Property.

The allegations in the Complaint confirm that the hereditary community has not been terminated.  Rather – and as confirmed by the allegations in the Complaint – to this date Plaintiff and Defendant merely own 50% participation in the hereditary community.  *See*, Complaint, at ¶16.  As explained supra, such participation, however, does not grant either the Debtor nor Defendant a right over any particular asset of the hereditary community, including the Real Property.  *See*, Rentas v. González, 507 B.R. 32 (B.A.P. 1st Cir. 2014).  In the words of In re Garcia, supra, both the Debtor and Defendant own a participation in "the estate as a whole, and not each asset, right or liability in particular."  *See*, In re Garcia, *supra*, at *37.  Accordingly, as of the date of the bankruptcy filing the Debtor – and consequently the Bankruptcy Estate - had no co-ownership over the Real Property; rather, a mere participation in the hereditary community and/or probate estate as a whole.  As stated in Ortega v. Lsref2 Island Holdings, Ltd. (B.A.P. 1st Cir. 2015) a bankruptcy court's jurisdiction does not extend to property that is not part of the estate; particularly so in the context of an undivided hereditary estate.  *See*, Ortega, *supra*.  Consequently, this Honorable Court lacks subject matter jurisdiction to grant the remedy requested by Plaintiff.

Here, as of the commencement of the case, the Debtor was not - and is not to this date- a co-owner with a proprietary interest in the Real Property co-owned as a tenant in common, joint tenant and/or tenant by the entirety with Defendant.  Rather, the Complaint concedes that the Real Property, as of the date of the Debtor's Order for Relief, was titled in favor of Debtor's deceased father.  *See*,

Complaint, at ¶8; *see also*, Title Search attached as **Exhibit A.**[3] The Complaint concedes that at the time of filing the Debtor merely owned a 50.00% inheritance participation[4]. *See*, Complaint, at ¶8. Therefore, even if all well pled facts are assumed as true, Plaintiff's Complaint must be dismissed because Section 363(h) does not authorize Plaintiff, nor does it confer upon this Honorable Court, subject matter jurisdiction to sell and/or otherwise adjudicate as to real property which is not property of the Estate.

Moreover, in the instant case, the assets of the probate estate had not been distributed as of the commencement of the case. In fact, the Debtor's undivided interest was listed in the Schedule A/B of the Voluntary Petition as an "Undivided hereditary interest…". See, Dk. #1, the Bankruptcy Case. As has been explained, the Debtor may hold an interest over the hereditary community as a whole that has not been distributed or divided according to Puerto Rico law. In absence of such division, the Debtor did not own – on the date of the Bankruptcy Petition - an interest in a particular asset of the probate estate or, here, the Real Property. Therefore, for the same reasons stated in *Ortega,* this Honorable Court lacks subject matter jurisdiction, since the action does not involve Property of the Estate.

   c. **Here, Under Principles of Probate Exception, this Honorable Court May Not Proceed to Divide the Assets of Hereditary Community.**

Moreover, the Federal Courts have established a self-limiting doctrine known as the probate exception which limits federal jurisdiction over cases involving the administration of estates. See, Marshall v. Marshall, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006); see also, Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). The probate exception is the principle that

---

[3] "Documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." See, Beddall v. State Street Bank and Trust Co., 137 F.3d 12 (1st Cir. 1998).

[4] Defendant does not concede that the participation percentages referenced by the Trustee are an accurate representation; yet, for purposes of this Motion to Dismiss, assumes the same as true.

"a federal court has no jurisdiction to probate a will or administer an estate." Id. As stated in *Markham,* the probate exception reserves to the state courts the probate or annulment of a will and the administration of a descendant's estate.

> "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction".

*See*, Rentas v. González (In re García), 507 B.R. 32 (B.A.P. 1st Cir. 2014), *citing*, Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946)).

Hence, the federal courts may not exercise jurisdiction to dispose of property that is in the custody of a state probate court. See Three Keys, Ltd. v. SR Util. Holding Co., 540 F.3d 220, 227 (3d Cir.2008). If the Federal Court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception applies and thus lacks subject matter jurisdiction. Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir.2007). Further, when analyzing whether a matter is "probate related" the court must consider if such action would interfere with the probate proceedings, assume general jurisdiction of the probate or, assume control of property in the custody of the state. Id.

Here, the real property subject of the Complaint is still part of an undistributed probate estate. Plaintiff intends to dispose/sell the real property that is in custody of a state probate court and is still pending for distribution. However, as stated by the Supreme Court in *Marshall* the probate exception to federal jurisdiction precludes from endeavoring to dispose of property that is in the custody of a state probate court.

Therefore, in light of the aforementioned and considering the allegations made in the complaint as true, Plaintiff requests herein that the Complaint in the instant Adversary Complaint be dismissed for lack of subject matter jurisdiction.

**WHEREFORE**, the Defendant respectfully requests from this Honorable Court that it enter judgment dismissing the instant adversary proceeding, with prejudice, for lack of subject matter jurisdiction, and impose to Plaintiff the costs incurred in this case and a reasonable amount for attorneys' fees.

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**WE HEREBY CERTIFY** that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

**RESPECTFULLY SUBMITTED**

In San Juan Puerto Rico this 19th day of October 2022.

**THE BATISTA LAW GROUP, PSC.**
PO Box 191059
San Juan, PR. 00919
Telephone: (787) 620.2853
Facsimile: (787) 777-1589
E-mail: jeb@batistasanchez.com
**/s/ Jesus E. Batista Sanchez**
Jesus E. Batista Sanchez
USDC # 227014